**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ALFRED E. DAVIS** | : | |
| | : | |
| **Plaintiff,** | : | **C.A. No. 06-278-ML** |
| | : | |
| **v.** | : | |
| | : | |
| **AMERIQUEST MORTGAGE COMPANY,** | : | |
| | : | |
| **Defendant.** | : | |

**ANSWER TO COMPLAINT AND COUNTERCLAIM**

Defendant Ameriquest Mortgage Company ("Ameriquest") hereby answers the Complaint brought by plaintiff Alfred E. Davis. Except as expressly admitted or denied herein below, Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations of each and every paragraph of the Complaint.

**INTRODUCTION**

1. Paragraph 1 of the Complaint contains plaintiff's characterization of this action to which no responsive pleading is required.

**JURISDICTION AND VENUE**

2. Paragraph 2 of the Complaint consists of legal conclusions to which no responsive pleading is required. To the extent a further response may be required, Ameriquest does not contest the Court's subject matter jurisdiction over this matter.

3. Paragraph 3 of the Complaint consists of legal conclusions to which no responsive pleading is required. To the extent a further response may be required, Ameriquest does not contest that venue is proper in this District.

## PARTIES

4. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint.

5. Ameriquest states that it is a Delaware corporation with a principal place of business at 1100 Town and Country Road, Orange, CA 92868. Ameriquest denies the remaining allegations set forth in paragraph 5 of the Complaint.

6. Ameriquest admits that it makes residential mortgage loans, which are secured by real property and through which loans borrowers may finance the purchase of residential property or refinance their existing residential mortgage loans.

7. Paragraph 7 of the Complaint consists of legal conclusions to which no responsive pleading is required. To the extent a further response may be required, Ameriquest admits that it is a creditor within the meaning of the Truth in Lending Act (“TILA”).

8. Ameriquest denies the allegations set forth in paragraph 8 of the Complaint.

## FACTS

9. In response to paragraph 9 of the Complaint, Ameriquest admits that on or about July 20, 2004, plaintiff became the obligor and mortgagor under a certain note and mortgage on property located at 22 Harding Street, Pawtucket, Rhode Island 02861. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 9 of the Complaint.

10. In response to paragraph 10 of the Complaint, Ameriquest admits that plaintiff received or signed certain documents, including but not limited to, a Note in the principal amount of $180,000, a mortgage, a Truth-in-Lending disclosure statement, two copies of a Notice of Right to Cancel form, a One-Week Cancellation Period form and a HUD-1 Settlement

Statement. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 10 of the Complaint.

11. In response to Paragraph 11 of the Complaint, Ameriquest admits that plaintiff's mortgage loan was secured by plaintiff's property located at 22 Harding Street, Pawtucket, Rhode Island and that the loan was not for purposes of the initial acquisition or construction of that property. The remaining allegations contained in paragraph 11 of the Complaint consist of legal conclusions to which no responsive pleading is required and the statutes and regulations referenced by plaintiff speak for themselves as to their content. To the extent a further response is required, Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 11 of the Complaint.

12. Ameriquest denies the allegations set forth in paragraph 12 of the Complaint.

13. In response to paragraph 13 of the Complaint, Ameriquest denies that it disbursed the loan proceeds on July 20, 2004.

14. In response to paragraph 14 of the Complaint, Ameriquest denies that it received a copy of the document attached as Exhibit D to the Complaint prior to receiving service of the Complaint and that the document speaks for itself as to its content. Ameriquest denies that plaintiff has an extended right to rescission and denies that his purported exercise of any such right is valid. Ameriquest denies the remaining allegations set forth in paragraph 14 of the Complaint.

**COUNT I – TRUTH IN LENDING ACT**

15. Ameriquest reavers and incorporates by reference as if fully set forth herein its responses to paragraph 1 through 14 above.

16. Ameriquest denies the allegations set forth in paragraph 16 of the Complaint.

17. Ameriquest denies the allegations set forth in paragraph 17 of the Complaint.

18. Paragraph 18 consists of legal conclusions to which no responsive pleading is required. To the extent a further response may be required, Ameriquest states that the statute referenced in paragraph 18 speaks for itself as to its content.

19. Ameriquest denies the allegations set forth in paragraph 19 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Defense

The Complaint fails to state a claim upon which relief can be granted against Ameriquest.

### Second Defense

Plaintiff's claims are barred by the doctrines of waiver, estoppel and ratification.

### Third Defense

Plaintiff's claims are barred or limited by the application of the doctrine of failure to mitigate damages.

### Fourth Defense

Plaintiff's claims are barred by the applicable statutes of limitation, by the application of the doctrine of laches, by the doctrine of equitable subrogation and by the application of the doctrine of unclean hands.

### Fifth Defense

Plaintiff's claims are barred by the applicable Statute of Frauds and/or the parol evidence rule.

### Sixth Defense

Any damages were the result of acts or omissions on the part of the plaintiff or third parties, the actions of which Ameriquest is not responsible.

**Seventh Defense**

Any claims by plaintiff under the federal Truth in Lending Act, 15 U.S.C. §§ 1635 *et seq.* are barred to the extent that any material acts or omissions were made in good faith in conformity with rules, regulations, or interpretations of the Federal Reserve Board.

**Eighth Defense**

Any claims by plaintiff under the federal Truth in Lending Act, 15 U.S.C. §§ 1635 *et seq.* are barred to the extent that the alleged violations were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures to avoid such error.

**Ninth Defense**

Ameriquest is not liable for any claims by plaintiff because Ameriquest's conduct and disclosures at all times complied, and were in good faith conformity, with all applicable contracts, laws and regulations.

**Tenth Defense**

Ameriquest hereby gives notice that it intends to rely upon such other and further defenses as may become available during discovery proceedings in this case and hereby reserves its right to amend the Answer and assert such defenses.

WHEREFORE, defendant Ameriquest Mortgage Company respectfully requests that the Court:

i. Enter judgment in its favor on all counts of the Complaint;

ii. Dismiss the Complaint with prejudice;

iii. Award Ameriquest its costs and expenses, including attorneys' fees, incurred in this action; and

iv. Grant such other relief as the Court deems as just and proper.

**COUNTERCLAIM**

Pursuant to Rule 13(e) of the Federal Rules of Civil Procedure, the defendant/counterclaimant, Ameriquest Mortgage Company, Inc. ("Ameriquest") hereby brings this Counterclaim against plaintiff/defendant-in-counterclaim, Alfred E. Davis ("Davis" or "plaintiff"), and states:

1. Ameriquest is a Delaware corporation with its principal place of business in California and is qualified to do business in Rhode Island.

2. Upon information and belief, plaintiff resides in Pawtucket, Rhode Island.

3. On or about July 20, 2004, plaintiff obtained a residential mortgage loan from Ameriquest in connection with property located at 22 Harding Street, Pawtucket, Rhode Island.

4. Plaintiff alleges that, on or about May 18, 2006, his counsel sent Ameriquest a letter purporting to rescind plaintiffs' mortgage loan transaction pursuant to 15 U.S.C. § 1635, Regulation Z, § 226.23. *See* letter from plaintiff's counsel dated May 18, 2006 attached to the Complaint as Exhibit D Ameriquest, however, denies that it received a copy of the letter prior to receiving service of the Complaint

5. On or about June 12, 2006, plaintiff filed suit against Ameriquest alleging that Ameriquest had failed to adequately indicate the date by which plaintiff's rescission period expired in connection with the subject loan.

6. Ameriquest has provided plaintiff with all required disclosures with respect to the subject loan, and plaintiff is not entitled to rescind her loan under 15 U.S.C. § 1635, Regulation Z, § 226.23.

**COUNT I - DECLARATORY JUDGMENT PURSUANT**
**TO DECLARATORY JUDGMENT ACT, 28 U.S.C. § 2201**

7. Ameriquest repeats and realleges the allegations set forth in paragraphs 1 through 6 above.

8. By virtue of plaintiff's letter dated May 18, 2006, an actual controversy has arisen and exists between Ameriquest and plaintiff regarding whether he has a right to rescind the subject loan under 15 U.S.C. § 1635, Regulation Z, § 226.23.

9. Plaintiff alleges that Ameriquest violated 15 U.S.C. § 1635, Regulation Z, § 226.23 by failing to disclose adequately the date by which plaintiff's right to rescind expired on the Notice of Right to Cancel, which allegations Ameriquest denies.

10. Ameriquest has provided plaintiff with all required disclosures with respect to the subject loan, and plaintiff has no basis for rescission of the loan.

11. Ameriquest hereby seeks a declaration of the rights, duties, and liabilities of the parties with respect to plaintiff's letter of rescission of his loan, including, without limitation, a declaration that plaintiff is not entitled to rescind the subject loan.

**RELIEF REQUESTED**

WHEREFORE, defendant/counterclaimant Ameriquest respectfully requests that the Court:

A. Enter a declaration that plaintiff is not entitled to rescind her mortgage loan with Ameriquest and that alternatively, any such rescission should require a mutual exchange of monies and property by the parties through escrow.

B. Award such additional relief as the Court may deem just and proper.

Respectfully submitted,

AMERIQUEST MORTGAGE COMPANY

By its attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Steven E. Snow___________
Steven E. Snow (#1774)
(ses@phs.com)
Carolyn P. Medina (#7109)
(cpm@phs.com)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 (facsimile)

*Of counsel:*

R. Bruce Allensworth
(ballensworth@klng.com)
Irene C. Freidel
(ifreidel@klng.com)
Eileen E. Pott
(epott@klng.com)
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
(617) 261-3100

Dated: September 8, 2006.

**CERTIFICATE OF SERVICE**

I, Steven E. Snow, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 8th day of September, 2006 and was also caused to be sent to all the following counsel of record via U.S. Mail.

Christopher M. Lefebvre (Bar No. 4019)
Claude Lefebvre, Christopher Lefebvre, P.C.
P.O. Box 479
Pawtucket, RI 02862

/s/ Steven E. Snow____________
Steven E. Snow (#1774)